UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI K.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 20cv1916-MDD<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br><br>[ECF No. 2] |

On September 25, 2020, Plaintiff Sherri K. ("Plaintiff") filed this social security appeal pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the denial of her application for disability insurance benefits. (ECF No. 1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2). For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion to proceed IFP.

## DISCUSSION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus,

1  must pay a filing fee of $400.[1] *See* U.S.C. § 1914(a).  An action may proceed
2  despite plaintiff's failure to prepay the entire fee only if he is granted leave to
3  proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d
4  1176, 1177 (9th Cir. 1999).  "To proceed [IFP] is a privilege not a right."
5  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  A party need not be
6  completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours &*
7  *Co.*, 335 U.S. 331, 339-40 (1948).  But "the same even-handed care must be
8  employed to assure that federal funds are not squandered to underwrite, at
9  public expense, either frivolous claims or remonstrances of a suitor who is
10 financially able, in whole or in part, to pull his own oar." *Temple v.*
11 *Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

12      As such, "the facts as to [an] affiant's poverty" must be stated "'with
13 some particularity, definiteness, and certainty.'" *United States v. McQuade*,
14 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277
15 F.2d 723, 725 (9th Cir. 1960)).  "It is important for litigants applying to
16 proceed without prepaying fees and costs to accurately and honestly report
17 their income, assets, and expenses[.]" *Archuleta v. Arizona*, No. CV 19-05466
18 PHX CDB, 2019 U.S. Dist. LEXIS 186262, at *1 (D. Ariz. Oct. 25, 2019).  An
19 applicant must "[c]omplete all questions" in his application and "not leave
20 any blanks[.]" *Id*.

21      Plaintiff receives $765.00 a month in income and has a checking
22 account with $38.00 in it.  (ECF No. 2 at 2).  Plaintiff also reports $765.00 in
23 monthly expenses.  (*Id*. at 4-5).  Plaintiff's affidavit sufficiently shows

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00.  *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)).  The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP.  *Id*.

Plaintiff is unable to pay the fees or post securities required to maintain this action because her expenses equal her income.

### CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP. The Court has also reviewed Plaintiff's complaint and concludes it is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated:   September 25, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge