UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI LASHAWN K., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI,[1] *Acting Commissioner of Social Security*, <br><br> Defendant. | Case No.:  20cv1916-W-MDD <br><br> **REPORT AND RECOMMENDATION ON CROSS MOTIONS FOR SUMMARY JUDGMENT** <br><br> [ECF Nos. 15, 16] |

This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

Sherri Lashawn K. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner" or

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is therefore substituted for Andrew M. Saul as Defendant.  *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

"Defendant") denying Plaintiff's application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("Act"). (AR at 18, 292-99).[2]  For the reasons expressed herein, the Court **RECOMMENDS** Plaintiff's motion for summary judgment be **GRANTED**, Defendant's motion for summary judgment be **DENIED**, and the case be **REMANDED** for further administrative proceedings.

## I.   BACKGROUND

Plaintiff was born on June 27, 1968.  (AR at 29).  At the time of Plaintiff's alleged disability onset date of May 25, 2015, Plaintiff was 46 years old which categorized her as a younger person.  20 C.F.R. § 404.1563.  (AR at 18, 29).  At the time of the ALJ's decision on March 2, 2020, Plaintiff's age category changed to a person closely approaching advanced age.  (AR at 29).

### A.   Procedural History

On October 13, 2015, Plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Act, alleging a disability beginning on May 25, 2015.  (AR at 18).  After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ").  An administrative hearing was held on December 8, 2017.  (AR at 42-64).  Plaintiff appeared and was represented by her attorney.  (*Id.*).  Testimony was taken from Plaintiff and Gloria Lasoff, a vocational expert ("VE").  (*Id.*).  On March 16, 2018, the administrative law judge ("ALJ") issued an unfavorable decision.  (AR at 18).  Plaintiff appealed that decision.  (*Id.*).  On June 19, 2019, the Appeals Council vacated the hearing decision and remanded the case for further consideration.  (*Id.*).

---

[2] "AR" refers to the Certified Administrative Record filed on April 13, 2020.  (ECF No. 11).

A second administrative hearing was held on December 16, 2019. (AR at 65-85). Plaintiff appeared and was represented by an attorney, Tim Carpenter. (*Id.*). Testimony was taken from Plaintiff and VE Katie Macy-Powers. (*Id.*). On March 2, 2020, the ALJ issued a decision denying Plaintiff's claim for a period of disability and disability insurance benefits. (AR at 18-31). On March 10, 2020, Plaintiff sought review with the Appeals Council. (AR at 290). On July 3, 2020, the Appeals Council denied Plaintiff's request for review and declared the ALJ's decision to be the final decision of the Commissioner in Plaintiff's case. (AR at 1). This timely civil action followed.

## II.   DISCUSSION

### A.   Legal Standard

Sections 405(g) and 1383(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error. *Id.*; *see also Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1993 (9th Cir. 2004).

Substantial evidence "is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Courts look "to an existing administrative record and ask[] whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence, [the Supreme Court] has said, is 'more than a mere scintilla.' It means—and only means—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* The Ninth Circuit explains that substantial

evidence is "more than a mere scintilla but may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012) (quotation marks and citations omitted), *superseded by regulation on other grounds*.

An ALJ's decision is reversed only if it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Id*. "To determine whether substantial evidence supports the ALJ's determination, [the Court] must assess the entire record, weighing the evidence both supporting and detracting from the agency's conclusion." *Ahearn v. Saul,* 988 F.3d 1111, 1115 (9th Cir. 2021) (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)).  The Court "may not reweigh the evidence or substitute [it's] judgment for that of the ALJ." *Id*.  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  "When the evidence can rationally be interpreted in more than one way, the court must uphold the [ALJ's] decision." *Mayes*, 276 F.3d at 459.

Section 405(g) permits a court to enter a judgment affirming, modifying or reversing the Commissioner's decision.  42 U.S.C. § 405(g).  The reviewing court may also remand the matter to the Social Security Administration for further proceedings.  *Id.*

**B.  Summary of the ALJ's Findings**

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process.  *See* C.F.R. § 404.1520.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 25, 2015.  (AR at 20).

At step two, the ALJ found that Plaintiff had the following severe

impairments: history of coronary artery disease, chondromalacia of the left knee, adhesive capsulitis of the left shoulder, and obesity. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR at 23) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)).

Next, after considering the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> the claimant can lift and carry no more than 20 pounds with frequent lifting or carrying of objects weighing up to ten pounds. The claimant can sit for six hours in an eight-hour workday and stand or walk for six hours in an eight-hour workday. The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but should never climb ladders, ropes or scaffolds. The claimant can occasionally perform overhead reaching using her left upper extremity (she is right hand dominant). The claimant should also avoid concentrated exposure to extreme cold and heat, unprotected heights, and moving and dangerous machinery.

(AR at 25).

The ALJ said that his RFC assessment was based on all the evidence and the extent to which Plaintiff's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. (*Id.*). The ALJ also stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527. (*Id.*).

The ALJ then proceeded to step four of the sequential evaluation process. He found Plaintiff was unable to perform her past relevant work. (AR at 29). For the purposes of his step five determination, the ALJ accepted the testimony of VE Gloria Lasoff. The ALJ determined that Plaintiff could

perform jobs identified by the VE which exist in significant numbers in the national economy. For example, cashier II (DOT 211.462-010), housekeeper cleaner (DOT 323.687-014), and small products assembler (DOT 706.684-022). (AR at 30).

### C. Issue in Dispute

The sole issue in dispute in this case is whether the ALJ's RFC determination is supported by substantial evidence. (ECF No. 15 at 18). Plaintiff argues the ALJ's RFC determination is not supported by medical opinion evidence and the ALJ failed to fully and fairly develop the record by not obtaining such evidence. (*Id.* at 17-24). In making this argument, Plaintiff also highlights two factual issues raised by the ALJ's "interpretation" of the medical record. First, she contends that the ALJ errantly discredited her subjective complaints because she did not have surgery. (*Id.* at 22-23). Second, Plaintiff argues the ALJ misinterpreted the medical record to find that she could lift her left arm overhead occasionally. (*Id.* at 21). The Court addresses each sub-argument in turn.

### 1. Medical Opinion Evidence and Duty to Fully and Fairly Develop the Record

There are only two medical source opinions from 2015 and 2016, despite additional medical records detailing Plaintiff's impairments and treatments up to 2019. (AR at 28). Both are non-examining state agency medical consultant opinions. (*Id.*). The ALJ accorded these opinions "little weight" because "the record is more consistent with limiting the claimant to performing light exertional work" and because the "consultants did not examine the claimant or review the record available at the hearing level when they formed these opinions." (*Id.*). Plaintiff contends the ALJ should have solicited a more recent medical source opinion instead of relying on his

own "lay interpretation of the evidence." (ECF No. 15 at 18).

The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014). However, it remains the claimant's duty to prove that she is disabled. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Id.* Plaintiff suggests the record is ambiguous or inadequate because the only medical opinions pre-date other medical evidence and the ALJ did not rely on them in formulating his RFC determination. (ECF No. 15 at 17-24).

"The mere existence of medical records post-dating a state agency physician's review does not in and of itself trigger a duty to further develop the record." *Stivers v. Saul,* No. 1:19-cv-01110-BAM, 2021 U.S. Dist. LEXIS 61358, at *26 (E.D. Cal. Mar. 30, 2021). The record contains Plaintiff's complete treatment records from 2015 to 2019. The ALJ also left the record open after the administrative hearing and only closed it upon receipt of a letter from Plaintiff's counsel indicating the record was complete. (AR at 17, 453). The ALJ was not obligated to further develop the record where Plaintiff's counsel affirmatively stated that the record was complete. *See Stivers*, 2021 U.S. Dist. LEXIS 61358, at *26; *see also Findley v. Saul,* No. 1:18-cv-00341-BAM, 2019 U.S. Dist. LEXIS 147761, at *19 (E.D. Cal. Aug. 29, 2019) (rejecting argument that the ALJ erred by failing to obtain additional medical opinions in response to new medical evidence and finding the record was not ambiguous or inadequate where the plaintiff's attorney stated the record was complete).

Additionally, the ALJ did not err by failing to obtain additional medical

source opinions. It was Plaintiff's burden to supplement the record with additional medical source opinions if she believed it supported her claim. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999); 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled."). As noted by Defendant, Plaintiff did not provide or request medical source opinions before or after the administrative hearing, despite the record being left open for additional evidence. (*See* ECF No. 16 at 5).

Nor did the Court err in evaluating medical evidence without the benefit of new medical opinions interpreting it. Some courts have determined that "an ALJ is 'simply not qualified to interpret raw medical data in functional terms.'" *Padilla v. Astrue*, 541 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)); *see Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (citation omitted) (stating that the ALJ, "who [was] not a qualified medical expert, should not have gone outside the record to the medical textbooks for the purpose of making his own exploration and assessment as to claimant's medical condition"). However, the Court is unaware of any case where the Ninth Circuit has conclusively held that an ALJ may not use or interpret the medical record in a disability determination. "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine the [RFC]." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir., 2001). An ALJ must base their RFC finding "on all the relevant evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20 C.F.R. § 404.1545(a)(1). The ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Accordingly, it was well within the ALJ's purview to evaluate medical evidence without a medical source opinion interpreting it.

### 2. Factual Arguments

Plaintiff also argues the ALJ errantly discredited her testimony because she did not have surgery on her knee or shoulder. (ECF No. 15 at 22). The ALJ found that Plaintiff's "treatment history suggests she is not as limited as she has alleged" because she did not receive "surgical intervention to treat her knee or shoulder impairments, or her history of coronary artery disease (since 2009)" and she does not "need[] any specific treatment aside from managed medication." (AR at 28). Plaintiff does not challenge the ALJ's finding that her impairments are managed by medication and physical therapy. (*See* ECF No. 15 at 22). Rather, Plaintiff avers that the ALJ was wrong to discredit her for failing to pursue surgery because that was not an option for her. (ECF No. 15 at 23) (citing AR at 1295). As noted by Defendant, the record cited by Plaintiff does not indicate that she could not have surgery. (ECF No. 16 at 10). The treatment note explains that Plaintiff is a "questionable surgical candidate," but that they could consider surgery. (AR at 1295). Plaintiff chose to pursue physical therapy instead. (*Id.*). As such, the ALJ did not errantly list lack of surgical intervention as a reason to discredit Plaintiff's subjective symptoms testimony. Further, the ALJ was permitted to discredit Plaintiff's subjective symptom testimony where her impairments are managed by medication and physical therapy. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (finding a claimant's failure to seek an aggressive treatment program a permissible reason to discredit his subjective symptom testimony).

Finally, Plaintiff argues that the ALJ's decision to limit Plaintiff to occasional overhead reaching with her left arm is not supported by substantial evidence. (ECF No. 15 at 21-22). The ALJ found that Plaintiff could "occasionally perform overhead reaching using her left upper

extremity." (AR at 25). At the administrative hearing Plaintiff demonstrated her range of motion in her left shoulder and acknowledged that she has a problem with her left arm reaching overhead. (*See* AR at 57). As of April 25, 2019, Plaintiff's left shoulder range of motion was limited to "[f]orward flexion to 85," or roughly to shoulder height. (AR at 605, 1653). This is Plaintiff's best range of motion in her left shoulder in the medical record. (*See* AR at 599, 602, 608, 649, 701, 705, 710, 715, 720, 725, 730, 735, 740, 745, 752, 838, 1148, 1152, 1156, 1161, 1167, 1172, 1177, 1186, 1192, 1197, 1199, 1204, 1209, 1284, 1286, 1293, 1295, 1636, 1647, 1653). The ALJ acknowledged Plaintiff's restricted range of motion and cited to the record indicating that Plaintiff can raise her arm to about shoulder height, but concluded that Plaintiff could occasionally raise her left arm overhead. (AR at 25, 605). In light of Plaintiff's testimony and the objective medical record illustrating Plaintiff's restricted range of motion, the ALJ's decision to limit her to occasional overhead reaching with her left arm is not supported by substantial evidence.

### 3. Remand for Further Proceedings

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. S*ee, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McCallister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. When error exists in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or

exploration." *INS v. Ventura*, 537 U.S. 12, 16 (2002) (citations and quotation marks omitted); *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004). Accordingly, this case should be remanded for further administrative action consistent with the findings presented herein.

## III.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion for summary judgment, **DENY** Defendant's cross-motion for summary judgment, and **REMAND** this case for further administrative action consistent with the findings presented herein.  This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

**IT IS HEREBY ORDERED** that any written objection to this report must be filed with the court and served on all parties no later than **September 24, 2021.**  The document should be captioned "Objections to Report and Recommendations."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 1, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:   September 8, 2021

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge